# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

DANIEL D. DRAGASH,

    Plaintiff,

v.                                   Case No: 8:17-cv-259-T-30AEP

DAWN SAUCIER and SUSAN CAPOTE,

    Defendants.

## ORDER

THIS CAUSE comes before the Court upon Defendant Dawn Saucier's Motion to Dismiss (Doc. 12) and Plaintiff's Response in Opposition (Doc. 13). Upon review, the Court grants Defendant's motion.

## BACKGROUND

This case relates to another case filed in the Middle District of Florida—8:15-cv-00847-TGW—in which Plaintiff filed suit against the Federal National Mortgage Association ("Fannie Mae") and JPMorgan Chase Bank, N.A. ("Chase"). Plaintiff alleged that Fannie Mae and Chase engaged in fraudulent activity. As relief, he requested that the Court void his mortgage and order that he be reimbursed the mortgage payments he had made.

Plaintiff's pleading was incoherent, failed to comply with the Federal Rules, and failed to state a claim. The Court afforded Plaintiff two opportunities to amend it. When

Plaintiff's second amended complaint still failed to state a claim, Magistrate Judge Thomas G. Wilson dismissed the case with prejudice.[1]

Plaintiff subsequently filed this lawsuit against Susan Capote, one of the attorneys who represented Fannie Mae, and Dawn Saucier, Judge Wilson's courtroom deputy. He alleges that Defendants "collude[d] and collaborate[d] to deprive [him] of his homestead property in 'concert' with deprivation of [his] Fifth and Fourteenth Amendment entitlements [to] [d]ue [p]rocess."[2] He also cites to some inapplicable statutes regarding ex parte communications and intimidating jurors. He requests that the Court award him monetary damages, sanction Defendants, and void all Court actions in case # 8:15-cv-00847-TGW. In the alternative, he requests that the Court appoint a special prosecutor to investigate the actions of Defendants, a second attorney who had represented Fannie Mae, Judge Wilson, Judge Covington, and Chief Judge Steven D. Merryday.

Plaintiff makes only one factual allegation to support his claim—that Defendant Saucier sent him a letter on September 10, 2015, in which she referred to herself as a "deputy clerk" and did not cc opposing counsel on the letter. Defendant Saucier sent the letter in response to a letter Plaintiff had mailed to Judge Merryday, Judge Wilson, and Defendant Capote on September 8, 2015. It appears that he wanted to know why the Court

---

[1] Plaintiff's case was originally assigned to Judge Virginia M. Hernandez Covington, but the parties consented to jurisdiction by Judge Wilson in May 2015.

[2] Plaintiff does not explicitly state that this is his cause of action but does describe this as the basis for the Court's jurisdiction. Elsewhere in the Complaint, he alleges a "[t]otal indifference [to] his substantive due process." Accordingly, the Court infers that Plaintiff is alleging a violation of his due process rights.

had not yet ruled on Fannie Mae and Chase's motion to dismiss his first amended complaint. Defendant Saucier responded to the letter, explaining that it is improper for parties to correspond directly with judges, that a judge will not respond to personal correspondence that pertains to a pending case, and that to obtain a court order a party must file a legal instrument pursuant to the Federal and Local Rules.

## DISCUSSION

In reviewing a pro se complaint, the court must hold the pro se pleading to a less stringent standard and must construe the complaint liberally. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam) (citation omitted). Although courts afford liberal construction to pro se litigants' pleadings, litigants appearing pro se must still meet minimal pleading standards and adhere to the procedural requirements of the Federal and Local Rules. *See McNeil v. United States*, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").

To withstand a motion to dismiss, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

Defendant Saucier argues that the Court should dismiss Plaintiff's Complaint (Doc. 1) for a number of reasons, including that it is frivolous and fails to state a claim. The Court agrees.

The Complaint does not state a claim upon which relief can be granted. The facts alleged by Plaintiff do not constitute a deprivation of his procedural or substantive due process rights. He did not allege facts indicating that the federal government took any of his property, let alone his home. Furthermore, Plaintiff did receive legal process related to his home mortgage—not only through case # 8:15-cv-00847-TGW but also seemingly through other state and federal court proceedings that he listed as cases related to that action.

Plaintiff seems to think that he was denied due process and/or has a separate cause of action because he received an ex parte communication from Defendant Saucier. Plaintiff is mistaken. Ex parte communications are not improper as long as they do not address substantive matters related to the case and do not give one party an advantage over the other. *See, e.g.,* Am. Bar Ass'n Model Code of Jud. Conduct Canon 2, r. 2.9 (2011). Defendant Saucier's letter did neither and was a proper exercise of her authority. Moreover, even if Plaintiff were correct that his case had been mishandled, the proper recourse was to address that during the proceedings for case # 8:15-cv-00847-TGW or on appeal of that case.

Plaintiff is aggrieved not because he did not receive legal process in case # 8:15-cv-00847-TGW, but instead because he did not like the outcome of that process. In response, he filed a baseless lawsuit against his former opposing counsel and a courtroom deputy for simply doing their jobs. This case is the textbook definition of a frivolous lawsuit, filed by Plaintiff "to intimidate and heckle those he imagines have done him wrong." *Davis v.*

*Kvalheim*, 261 F. App'x 231, 234–35 (11th Cir. 2008). Given the nature of Plaintiff's Complaint, the Court is of the opinion that any attempt to amend would be futile.

For the foregoing reasons, it is ORDERED AND ADJUDGED that:

1. Plaintiff's Complaint (Doc. 1) is dismissed with prejudice.

2. All pending motions are denied as moot.

3. The Clerk is directed to close this case.

**DONE** and **ORDERED** in Tampa, Florida, on April 21st, 2017.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record